RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2002 FED App. 0176P (6th Cir.)
File Name: 02a0176p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

SIDNEY MORSE, et al.,
       *Plaintiffs-Appellants,*

       *v.*

R. CLAYTON MCWHORTER,
et al.,
       *Defendants-Appellees.*

No. 00-6478

Appeal from the United States District Court
for the Middle District of Tennessee at Nashville.
No. 97-00370—Thomas A. Higgins, District Judge.

Argued: April 23, 2002

Decided and Filed: May 20, 2002

Before: MARTIN, Chief Circuit Judge; COLE, Circuit
Judge; SHARP, District Judge.*

_____

    *The Honorable G. Kendall Sharp, United States District Judge for
the Middle District of Florida, sitting by designation.

1

----------------

**COUNSEL**

**ARGUED:**   Kenneth J. Vianale, MILBERG, WEISS, BERSHAD, HYNES & LERACH, Boca Raton, Florida, for Appellants. Maureen E. Mahoney, LATHAM & WATKINS, Washington, D.C., for Appellees. **ON BRIEF:** Robert I. Harwood, Samuel K. Rosen, WECHSLER, HARWOOD, HALEBIAN & FEFFER, New York, New York, for Appellants. Maureen E. Mahoney, Curtis P. Lu, LATHAM & WATKINS, Washington, D.C., Steven A. Riley, BOWEN, RILEY, WARNOCK & JACOBSON, Nashville, Tennessee, Paul H. Dawes, LATHAM & WATKINS, Menlo Park, California, for Appellees.

----------------

**OPINION**

----------------

BOYCE F. MARTIN, JR., Chief Circuit Judge. Plaintiffs, a proposed class of Columbia/HCA Healthcare Corporation[1] common stockholders who acquired their stock from April 9, 1994 to September 9, 1997, appeal (1) the district court's order dismissing their claims brought pursuant to Sections 10(b), 14 and 20(a) of the Securities Exchange Act of 1934, and Sections 11 and 12(2) of the Securities Act of 1933; and (2) the district court's order denying plaintiffs' motion to alter judgment and motion for leave to amend their complaint. Seeking to capitalize on Columbia's recent settlement with the government and the guilty pleas of two Columbia subsidiaries, plaintiffs also ask the court to vacate the district court's order pursuant to Rule 60(b). Because we find that the district court should have allowed the plaintiffs to amend their complaint, we VACATE the district court's order denying plaintiffs' motion to alter judgment and motion for

----------------

[1]Columbia/HCA Healthcare Corporation is now known as HCA – The Healthcare Company.

leave to amend, and REMAND for further proceedings consistent with this opinion.

## I.

During the proposed class period of April 9, 1994 through September 9, 1997, Defendant Columbia owned hundreds of healthcare facilities, including three hundred hospitals, through a system of wholly-owned subsidiaries. During the proposed class period, Columbia was Medicare's single largest biller.

The individual defendants – Drs. Frist and Averhoff, and Messrs. Scott, Vandewater, McWhorter, Long, MacNaughton and Reichardt – were officers and/or board members during the proposed class period.

Plaintiffs filed their first complaint on April 8, 1997, and after their derivative and securities fraud claims were severed, plaintiffs filed an amended complaint on November 24, 1997. The amended complaint alleged that Columbia and the individual defendants violated (1) Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, prohibiting fraudulent, material misstatements or omissions in connection with the sale or purchase of a security; (2) Section 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. § 78t(a), providing for liability of controlling persons; (3) Section 11 of the Securities Act of 1933, 15 U.S.C. § 77k, prohibiting material misstatements or omissions in registration statements; (4) Section 12(2) of the Securities Act, 15 U.S.C. § 77l(a)(2), providing for liability for making a securities offering "by means of a prospectus or oral communication, which includes an untrue statement of a material fact or omits to state a material fact necessary in order to make the statements . . . not misleading"; and (5) Section 14 of the Securities Exchange Act of 1934, 15 U.S.C. § 78n, prohibiting material misstatements or omissions in proxy statements.

Defendants eventually moved to dismiss the amended complaint. On June 30, 1998, the magistrate issued a sixty-eight page report recommending defendants' motion to dismiss be granted "without prejudice to re-file upon disclosing more specific facts." Plaintiffs submitted a series of objections to the magistrate's report, but did not tender a second amended complaint. In their objections, plaintiffs requested "leave to re-plead, consistent with the recommendation of the Report (at 67) and Rule 15(a), Fed. R. Civ. P."

On July 28, 2000, the district court adopted and modified portions of the magistrate's report, dismissed the complaint with prejudice and entered judgment for the defendants. Thereafter, plaintiffs moved to alter judgment pursuant to Rule 59(e) and sought leave to amend under Rule 15(a). In an order dated October 5, 2000, the district court denied plaintiffs' motion. The district court explained:

> The course of action the plaintiffs elected to follow was a strategic decision of their own choice. It appears to have had about it a bit of the cat and mouse, i.e., let the Court first sort out the deficiencies in the pleadings and after judgment then seek to amend to patch up the matter and then attempt to close the rat holes. The plaintiffs had every opportunity to amend during the pendency of this matter and must accept the consequences of their delay.

*Morse v. McWhorter*, No. 3-97-0370, at 2, (M.D. Tenn. October 5, 2000) (order denying motion to alter judgment and leave to amend).

During the pendency of this appeal plaintiffs filed four motions asking this court to take judicial notice of various public documents, including a settlement agreement between Columbia and the government, and the guilty pleas of two Columbia subsidiaries.

Although the district court relied only on plaintiffs' delay in denying leave, Columbia also argues that the second amended complaint fails to state a claim. While there is some support for the proposition that we may sustain denial of leave to amend on any ground apparent in the record, *e.g., Invest Almaz v. Temple-Inland Forest Products Corp.*, 243 F.3d 57, 71 (1st Cir. 2001), including the inability of an amended complaint to withstand a motion to dismiss, *e.g., Lawler v. Marshall*, 898 F.2d 1196, 1200 (6th Cir. 1990), we believe that the more prudent course of action in this particular case is a remand. The proposed second amended complaint does not appear facially meritless such that the district court's consideration of whether it states an actionable claim would be an empty exercise. *See Bovee*, 272 F.3d at 362. Moreover, we are reluctant to rule in the first instance on the sufficiency of the second amended complaint without complete briefing.[2]

### III.

For the foregoing reasons, we VACATE the district court's order denying plaintiffs' motion to alter judgment and leave to amend, and REMAND for further proceedings consistent with this opinion.

---

[2]We do not reach plaintiffs' various requests to take judicial notice.

or prior to district court review. To be sure, the far better practice would have been for the plaintiffs to tender a second amended complaint with their objections to the magistrate's report, instead of only requesting leave to amend. But without precedent notifying the plaintiffs that merely submitting objections to the magistrate's report was inadequate, we are reluctant to penalize the proposed class. As to the district court's characterization of plaintiffs' maneuvering, we share the district court's frustration with plaintiffs' apparent "cat and mouse" class action gamesmanship. And while we agree that a district court's responsibilities do not include instructing ostensibly sophisticated securities class action counsel how to plead an actionable complaint, without notice to plaintiffs' counsel, we cannot conclude they acted in bad faith in failing to amend their complaint at an earlier date.

With respect to potential prejudice to the non-moving party, it also does not appear that Columbia would be significantly prejudiced by allowing plaintiffs to file their proposed second amended complaint. The magistrate's recommendation and plaintiffs' request in their objections to the magistrate's report put Columbia on notice that plaintiffs would seek to amend their complaint. And in light of the discovery stay, Columbia is not faced with the prospect of duplicative discovery. Relatedly, Columbia also does not have to substantially revise any present defense strategy because the plaintiffs' proposed second amended complaint does not add new substantive claims or overhaul plaintiffs' theory of the case, but merely attempts to remedy the defects identified by the magistrate. Columbia has even begun the process of dismantling plaintiffs' proposed second amended complaint – its appellate brief devotes eight pages to its purported deficiencies. We recognize Columbia will be inconvenienced by another round of motion practice, but given the magistrate's recommendation and the competing interest of the proposed class, such inconvenience does not rise to the level of prejudice that would warrant denial of leave to amend.

## II.

### A.

We agree with both the district court and the magistrate that plaintiffs' amended complaint does not state a claim upon which relief can be granted. Because the district court and magistrate have already produced over ninety pages highlighting the deficiencies of the amended complaint, we do not believe further discussion is necessary.

### B.

Following entry of final judgment, a party may not seek to amend their complaint without first moving to alter, set aside or vacate judgment pursuant to either Rule 59 or Rule 60 of the Federal Rules of Civil Procedure. *Lindauer v. Rogers*, 91 F.3d 1355, 1356 (9th Cir. 1996); *Garner v. Kinnear Manuf. Co.*, 37 F.3d 263, 270 (7th Cir. 1994). Plaintiffs moved to alter judgment in the district court pursuant to Rule 59(e), and on appeal, ask this court to vacate judgment pursuant to Rule 60(b).

### 1.

At the outset, we reject plaintiffs' Rule 60(b) motion as procedurally improper. In *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356 (6th Cir. 2001), we outlined the procedure for making a Rule 60(b) motion:

Where a party seeks to make a motion under Fed. R. Civ. P. 60(b) to vacate the judgment of a district court, after notice of appeal has been filed, the proper procedure is for that party to file the motion in the district court. *First Nat'l Bank of Salem, Ohio v. Hirsch*, 535 F.2d 343 (6th Cir. 1976). If the district judge believes there should be relief from the judgment, the district court is to indicate that it would grant the motion. The appellant should then make a motion in this court for a remand of the case so that the district court can grant relief. Fed. R. Civ. P. 60(b).

*Id.* at 359 n. 1. The plaintiffs did not file a Rule 60(b) motion in the district court. Accordingly, we cannot consider their request on appeal. In light of plaintiffs' Rule 59(e) motion, however, we may review their challenge to the district court's denial of leave to amend.

2.

Except in cases where the district court bases its decision on the legal conclusion that an amended complaint could not withstand a motion to dismiss, we review a district court's denial of leave to amend for abuse of discretion. *Monette v. Elect. Data Sys. Corp.*, 90 F.3d 1173, 1188 (6th Cir. 1996). Similarly, we review an order denying a motion to alter or amend a judgment under Rule 59(e) for abuse of discretion, unless such motion seeks review of a legal conclusion. *Perez v. Aetna Life Ins. Co.*, 150 F.3d 550, 554 (6th Cir. 1998) (en banc); *see also Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). Where a timely motion to amend judgment is filed under Rule 59(e), the Rule 15 and Rule 59 inquiries turn on the same factors. *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 272 (3d Cir. 2001); *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 n. 1 (5th Cir. 1981). In denying leave to amend, abuse of discretion may occur when a district court does not state the basis for its denial or fails to consider the competing interests of the parties and likelihood of prejudice to the opponent. *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986).

Generally, leave to amend is "freely given when justice so requires." *Keweenaw Bay Indian Cmty. v. State of Michigan*, 11 F.3d 1341, 1348 (6th Cir. 1993) (quoting Fed. R. Civ. P. 15(a)). In the securities litigation context, leave to amend is particularly appropriate where the complaint does not allege fraud with particularity. *E.g., Chill v. Gen. Elect. Co.*, 101 F.3d 263, 271 (2d Cir.1996). Denial may be appropriate, however, where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the

amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also* 3 Moore's Federal Practice § 15.14[1] (3d ed. 1997). Ordinarily, delay alone, does not justify denial of leave to amend. *Sec. Ins. Co. v. Kevin Tucker & Assocs, Inc.*, 64 F.3d 1001, 1009 (6th Cir. 1995); *see also Tefft v. Seward*, 689 F.2d 637, 639 n.2 (6th Cir. 1982) ("Delay that is neither intended to harass nor causes any ascertainable prejudice is not a permissible reason, in and of itself to disallow an amendment of a pleading."). At some point, however, "delay will become 'undue,' placing an unwarranted burden on the court, or will become 'prejudicial,' placing an unfair burden on the opposing party." *Adams v. Gould*, 739 F.2d 858, 863 (3d Cir. 1984). And while Rule 15 plainly embodies a liberal amendment policy, in the post-judgment context, we must also take into consideration the competing interest of protecting the "finality of judgments and the expeditious termination of litigation." *Nat'l Petrochemical Co. of Iran v. M/T Stolt Sheaf*, 930 F.2d 240, 245 (2d Cir. 1991) (quoting 6 C. Wright & A. Miller, Federal Practice & Procedure § 1489, at 694 (1990)); *see also Vielma v. Eureka Co.*, 218 F.3d 458, 468 (5th Cir. 2000) (ruling that a trial court's discretion to allow amendments "narrows considerably after entry of judgment."); *Diersen v. Chicago Car Exch.*, 110 F.3d 481, 489 (7th Cir. 1997) (recognizing that "justice may require something less in post-judgment situations than in pre-judgment situations."). Thus, in the post-judgment context, we must be particularly mindful of not only potential prejudice to the non-movant, but also the movant's explanation for failing to seek leave to amend prior to the entry of judgment.

Plaintiffs contend that they did not tender their proposed second amended complaint prior to judgment because they did not believe they were under an obligation to submit an amended complaint prior to district court review. Plaintiffs' contention appears correct: we are unable to find any provision in the Local Rules for the Middle District of Tennessee or the district judge's rules, or any decision of this court requiring plaintiffs to tender their proposed second amended complaint contemporaneously with their objections