NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a1017n.06

No. 11-6231

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
*Sep 20, 2012*
DEBORAH S. HUNT, Clerk

GEORGE BESSER, )
)
    Petitioner-Appellant, )    ON APPEAL FROM THE UNITED
) STATES DISTRICT COURT FOR
v. ) THE EASTERN DISTRICT OF
) KENTUCKY
MICHAEL SEPANAK, Warden, )
)
    Respondent-Appellee. )

Before: MARTIN and WHITE, Circuit Judges; ECONOMUS, District Judge.[*]

PER CURIAM. George Besser, a pro se federal prisoner, appeals a district court order denying his motions filed pursuant to Federal Rule Civil Procedure 52(b), 59(e), and 60(b). He has moved for leave to proceed in forma pauperis.

A jury found Besser guilty of mail fraud, conspiracy to commit mail fraud, and money laundering in connection with his operation of a fraudulent investment scheme. The district court sentenced him to twenty years of imprisonment and three years of supervised release. In October 2009, Besser filed a 28 U.S.C. § 2255 motion to vacate his sentence. This motion is still pending in the United States District Court for the Western District of Michigan. In July 2011, Besser filed a habeas corpus petition pursuant to 28 U.S.C. § 2241 in the United States District Court for the Eastern District of Kentucky, challenging his federal conviction and sentence based upon the holding in *Skilling v. United States*, 130 S. Ct. 2896 (2010). The district court dismissed the section 2241 petition as premature. Besser then filed his Rule 52(b), Rule 59(e), and Rule 60(b) motions. The district court denied the motions and Besser filed this timely appeal.

---

[*]The Honorable Peter C. Economus, United States Senior District Judge for the Northern District of Ohio, sitting by designation.

We generally review a district court's denial of a motion to alter or amend a judgment under Rule 59(e) for an abuse of discretion. *See Morse v. McWhorter*, 290 F.3d 795, 799 (6th Cir. 2002). A Rule 59(e) motion may be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). Besser raised his *Skilling* claim in a supplemental memorandum supporting his section 2255 motion. Because Besser has not shown that his section 2255 remedy is inadequate or ineffective to challenge his conviction and sentence, the district court's denial of his section 2241 petition was not a clear error of law. Moreover, Besser has not presented any new evidence or established that the district court's denial of his section 2241 petition resulted in manifest injustice. Accordingly, the district court did not abuse its discretion in denying Besser's Rule 59(e) motion.

Because the district court did not abuse its discretion in denying Besser's Rule 59(e) motion, it did not abuse its discretion in denying his Rule 52(b) motion, *see Nat'l Metal Finishing Co. v. BarclaysAmerican/Commercial, Inc.*, 899 F.2d 119, 124 (1st Cir. 1990), or his Rule 60(b) motion, *Yeschick v. Mineta*, 675 F.3d 622, 628 (6th Cir. 2012).

Accordingly, we grant Besser leave to proceed in forma pauperis and affirm the district court's order.