NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0576n.06

No. 12-5965

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
*Jun 13, 2013*
DEBORAH S. HUNT, Clerk

SHERRIE L. DURHAM,

      Plaintiff-Appellant,

v.

BILL HASLAM, ROBERT E. COOPER, REBECCA HUNTER, KARLA DAVIS, LAURA HOLLAND, in their official capacities, and JOHN DOE, and JANE DOE, in their individual capacities,

      Defendants-Appellees.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE

OPINION

Before:  McKEAGUE and DONALD, Circuit Judges; LAWSON, District Judge.[*]

**David M. Lawson, District Judge.**  Plaintiff Sherrie L. Durham, an attorney, worked for the Tennessee Department of Labor as an unemployment hearing officer from June 1998 until she was discharged in June 2007.  She appealed her discharge to the Tennessee Civil Service Commission and then to the Davidson County, Tennessee chancery court.  During the course of the chancery court case, Durham moved to strike the administrative record because the State failed to file it by the date required under Tennessee law.  The chancery court granted the motion, after

---

[*]The Honorable David M. Lawson, United States District Judge for the Eastern District of Michigan, sitting by designation.

warning Durham of the consequences that the absence of the record would have for her case, namely, affirmance of her discharge.

After the inevitable occurred, Durham filed the present action in federal court alleging that the state violated her First and Fourteenth Amendment rights to free speech and due process, by (1) "interpret[ing] [the Tennessee Administrative Procedures Act (APA)] in such a way that courts can assess fault and blame a petitioner for pointing out that the State has failed to timely file the agency record," Compl. ¶ 27; and (2) "interpret[ing] [the Act] in such a way that the agency always wins if the agency does not prepare or file the agency record with the reviewing court," Compl. ¶ 28. Among other things, she asked the district court to vacate her discharge and reinstate her. After reviewing the complaint, the district court dismissed it on its own motion for want of subject matter jurisdiction under the *Rooker-Feldman* doctrine. Durham timely appealed, and, for the reasons discussed below, we affirm.

I.

Durham calls herself a whistleblower who complained about state hearing officer supervisors who routinely allowed hearings to proceed when one of the necessary parties had not received notice. The defendants describe Durham as a state hearing officer who was terminated "for repeated acts of insubordination." We need not adopt either characterization; it is sufficient to note that Durham was terminated from her job as a Tennessee state unemployment hearing officer on June 22, 2007, and

her administrative appeal was denied by a state administrative law judge on July 20, 2009. On May 18, 2010, the Tennessee Civil Service Commission adopted the ALJ's order in its entirety. *See Durham v. Tennessee Dept. of Labor and Workforce Dev.*, No. 101139-IV, 2012 WL 1407372, at *1 (Tenn. Ct. App. Apr. 20, 2012).

On July 16, 2010, Durham filed a petition for judicial review of the administrative discharge proceeding in the Davidson County, Tennessee chancery court. The petition alleged that by terminating Durham's employment, "the Commission violated her rights to due process, free speech, and equal protection under the Tennessee and United States Constitutions, and that the decision was arbitrary, capricious, and not supported by substantial and material evidence." *Ibid.* On January 26, 2011, the State filed a motion to dismiss the petition because Durham had not filed a supporting brief as required by the local court rules. On March 11, 2011, Durham responded to the State's motion to dismiss by filing a motion to strike the administrative record from the proceedings, alleging that it was not filed within the time allowed under the Tennessee APA.

Under the relevant Tennessee statute, the State was required to file with the chancery court the administrative record of the discharge proceedings "[w]ithin 45 days after service of the petition, or within further time allowed by the court . . . ." Tenn. Code Ann. § 4-5-322(d). Durham alleged that the State did not file the record until 73 days after it received service of process. She also argued that the chancery court could not enlarge the time for filing the record because the State's request to do so was made after the 45-day period elapsed. At the motion hearing, the chancery court judge

explained that the court was authorized to extend the administrative record filing deadline and the extension was warranted in that case. The judge warned Durham that without an administrative record, she could not review the Civil Service Commission's decision, and it would be affirmed. Nonetheless, Durham insisted on striking the record. The chancery court reluctantly acquiesced, since Durham, an attorney and former hearing officer herself, made her request with eyes wide open.

Durham apparently figured that the absence of an administrative record would mandate *reversal* of the Commission's decision under state law, and she filed a motion for judgment on the pleadings to that effect. She miscalculated. The Commission's subsequent motion to dismiss was granted. The dismissal was affirmed on appeal. *Durham*, 2012 WL 1407372.

Durham's federal lawsuit invoked 42 U.S.C. § 1983 and alleged that the Tennessee courts misinterpreted the Tennessee APA in such a way as to deprive her of her rights under the First and Fourteenth Amendments. She sued Tennessee's governor, attorney general, secretary of state, commissioner of the state department of human resources, and two anonymous Doe defendants. She said that the state court punished her for speaking out about the state's failure to file the administrative record on time, and the courts violated her constitutional rights by interpreting the APA to allow the state to win by stonewalling an opponent and withholding the administrative record on judicial review. She asked the district court to declare the Tennessee APA unconstitutional and enjoin its enforcement, vacate her discharge and reinstate her, and order damages against the individual defendants.

The district court viewed the lawsuit as nothing more than an appeal of the state administrative proceedings. It determined that it did not have jurisdiction to entertain such an appeal under the *Rooker-Feldman* doctrine and dismissed the case on its own motion. Durham filed a motion to reconsider, arguing that (1) the complaint stated an "independent cause of action" against the defendants because the named and unnamed defendants were not parties to the state judicial review proceeding; (2) the complaint alleged harm to Durham's constitutional rights unrelated to the state court judgment and resulting from separate acts by the defendants; (3) the state courts did not decide Durham's claims on the merits; and (4) the *Rooker-Feldman* doctrine does not preclude general constitutional challenges to a state statute. In a memorandum order, the district court granted the motion to reconsider and reaffirmed its order of dismissal without elaboration.

Eleven days later, Durham filed a motion to vacate the order of dismissal and for leave to file an amended complaint. She stated that she would "fix the problem that [the] Court had with her complaint if it grants her request to allow her to amend her pleadings," but did not include any proposed amended complaint with her motion or propose any specific changes to her claims. The district court denied the motion to vacate and for leave to amend.

This appeal followed.

II.

We give fresh review to a district court's decision to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). *Taylor v. Geithner*, 703 F.3d 328, 332 (6th Cir. 2013). Where a party also appeals the denial of a motion to reconsider or for relief from a judgment of dismissal, "review of the district court's denial of [a] Rule 60(b) Motion for Relief [or a] Rule 59(e) Motion to Amend the Judgment is merged with . . . review of the district court's dismissal for lack of subject matter jurisdiction." *Good v. Ohio Edison Co.*, 149 F.3d 413, 418 n.9 (6th Cir. 1998) (citing *Perez v. Aetna Life Ins. Co.*, 96 F.3d 813, 819 (6th Cir. 1996)). This court reviews the denial of a motion to amend under the abuse-of-discretion standard, "unless the motion was denied because the amended pleading would not withstand a motion to dismiss, in which case the standard of review is de novo." *Colvin v. Caruso*, 605 F.3d 282, 294 (6th Cir. 2010).

A.

Durham's main argument is that the *Rooker-Feldman* doctrine cannot bar her lawsuit because she is not directly appealing the state court judgment, she does not complain about an injury that was caused by a state court judgment, and she did not ask the district court to review and reject the state court judgment. She points out that she seeks damages from the Doe defendants in the federal action, whereas no damages were sought in the state court case. And she insists that the *Rooker-*

*Feldman* doctrine does not apply to a general challenge to a state statute, which, she believes, she has asserted here.

The *Rooker-Feldman* doctrine is a narrow rule based on the idea that federal appellate jurisdiction over a state court decision lies exclusively with the Supreme Court, and not lower federal courts. *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 476 (1983) (citing 28 U.S.C. § 1257; *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415, 416 (1923)). This court tended to interpret the doctrine broadly, *see Executive Arts Studio, Inc. v. City of Grand Rapids*, 391 F.3d 783, 793 (6th Cir. 2004), but later revised its views after the Supreme Court clarified the limits of the doctrine in *Exxon Mobil Corporation v. Saudi Basic Industries Corporation*, 544 U.S. 280 (2005), *see Kovacic v. Cuyahoga County Dep't of Children and Family Servs.*, 606 F.3d 301, 309 (6th Cir. 2010). In *Exxon Mobil*, the Court held that the *Rooker-Feldman* doctrine bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil*, 544 U.S. 284. However, it does not "stop a district court from exercising subject matter jurisdiction simply because a party attempts to litigate in federal court a matter previously litigated in state court." *Id.* at 293.

In the wake of *Exxon Mobil*, we have held that "the pertinent inquiry . . . is whether the 'source of the injury' upon which plaintiff bases [her] federal claim is the state court judgment, not simply whether the injury complained of is 'inextricably intertwined' with the state-court judgment."

*Kovacic*, 606 F.3d at 309 (citing *McCormick v. Braverman*, 451 F.3d 382, 393-95 (6th Cir. 2006)). To determine whether the plaintiff's complaint seeks appellate review of a state court decision or instead asserts an independent claim for relief, the federal court must examine "the source of the injury the plaintiff alleges in the federal complaint." *McCormick*, 451 F.3d at 393. "*Rooker-Feldman* focuses on whether the state court decision caused the injury," and the "court cannot determine the source of the injury without reference to the plaintiff's request for relief." *Berry v. Schmitt*, 688 F.3d 290, 299 (6th Cir. 2012) (quotation marks and alterations omitted).

Durham contends that her complaint in federal court states a general constitutional challenge to a state statute, the Tennessee APA. She says that the statute is unconstitutional because it gives the state an unfair advantage by allowing it to block judicial review of administrative public employment decisions simply by not filing the administrative record. She insists that her federal complaint does not seek to upset the state court judgment affirming her discharge. For several reasons, we believe that Durham has mischaracterized her pleadings.

First, it is evident from her complaint and briefing that Durham has not raised any "general challenge" to the Tennessee APA. She merely contests the application of the statute to her case, because she argues specifically that the state chancery court violated her First and Fourteenth Amendment rights to free speech and due process by (1) "interpret[ing] [the Tennessee APA] in such a way that courts can assess fault and blame a petitioner for pointing out that the State has failed to timely file the agency record," Compl. ¶ 27; and (2) "interpret[ing] [the Act] in such a way that the

agency always wins if the agency does not prepare or file the agency record with reviewing court," Compl. ¶ 28. The cornerstone of that argument is that the state chancery court erred when it held that it could enlarge the filing deadline after the 45-day period elapsed. Durham reasons that the state court's attempt to do so was a nullity, so that striking the record was the only appropriate form of relief.

Durham's entire argument rests on her premise that it was unconstitutional for the state to dismiss her petition for judicial review where there was no administrative record to review, whereas the state courts held that it was the petitioner's burden to point out flaws in the administrative review process, which she could not do after she successfully caused the record to be stricken. This is nothing if not a challenge to the judgment of the state court that affirmed her discharge, because Durham alleges that the state court interpreted the statute and applied it to her case in an unconstitutional manner. Where the plaintiff alleges that a state court interpreted and applied a state statute to her case in an unconstitutional manner, her complaint is an as-applied constitutional challenge and is prohibited under the *Rooker-Feldman* doctrine. *Carter v. Burns*, 524 F.3d 796, 799 (6th Cir. 2008).

Second, Durham specifically demanded that the district court (1) declare unconstitutional the Tennessee APA, Tenn. Code Ann. § 4-5-101 *et. seq.*; (2) enjoin enforcement of the Act; (3) "address the constitutional violations that occurred and order that the defendant[s] vacate Ms. Durham's discharge and that the defendant[s] reinstate her"; and (4) "require[] John Doe and Jane Doe to pay

Ms. Durham for all of the damages, whether monetary, physical, and/or emotional, that their actions caused her to incur." Compl. at 8. The relief that Durham requested could not be granted without overturning the judgment of the state court that affirmed her discharge and issuing a contrary order restoring Durham to her job. And that could not occur without a frontal attack on the chancery court's ruling that it is the petitioner that must prove error by referencing the record of the administrative proceedings, and the ruling that the court could have enlarged the filing deadline after the initial 45-day time limit elapsed. If Durham sought merely to overturn the Tennessee statute without disturbing the state court judgment, as she claims, then that outcome would have no effect on her discharge.

Third, contrary to Durham's argument, she has not raised a claim that the defendants engaged in independent acts unrelated to the state court judgment, and she has not raised any viable claim that the defendants unlawfully procured that judgment. As the defendants point out, any injury Durham suffered as a result of the state court dismissal of her case was by her own hand, not any act of the defendants. The administrative record in the state court was stricken at her own insistence, by a reluctant state court chancellor who warned Durham that without the record she would have no choice but to dismiss her petition for review. Durham cannot maintain that the defendants "procured" a state court judgment when that judgment is nothing more than the inevitable outcome of her own ill-considered litigation strategy. The federal court does not operate as a regimental dressing station to treat self-inflicted wounds.

Durham's reliance on *Skinner v. Switzer*, 131 S. Ct. 1289 (2011), is misplaced. In that case a state prisoner sued under 42 U.S.C. § 1983 alleging that the denial of postconviction access to biological evidence for DNA testing violated his rights under the Due Process Clause of the Fourteenth Amendment. The Supreme Court held that the complaint was not barred by the *Rooker-Feldman* doctrine, because the plaintiff did not allege that the state courts had wrongly interpreted the statute or unjustly affirmed his conviction. *Skinner*, 131 S. Ct. at 1298. Rather, he argued that the statute was unconstitutional because it allowed the state to obstruct his access to the evidence he sought no matter what the basis for that obstruction. In *Skinner*, the statute directly governed the constitutional right that the plaintiff sought to vindicate — his Fourteenth Amendment right to access evidence that he claimed might prove his innocence. That statute had no substantive bearing on his criminal conviction, and finding the statute unconstitutional therefore would have no effect on any judgment of the courts in which he was convicted and his conviction was affirmed.

In this case, unlike in *Skinner*, the Tennessee APA — at least the parts of it that Durham challenges — does not concern any independent constitutional right that the plaintiff alleges she was denied. Durham does not seek a rehearing of her petition for judicial review. She wants a federal court to order her returned to her job. But the Tennessee statute neither grants nor denies Durham's right to be employed by the state; it merely governs the judicial review of a decision by the state to discharge her. The statute therefore has no independent bearing on the injury she alleges that she suffered, and striking it as unconstitutional would not give her the relief she seeks. Had the plaintiff

in *Skinner* sought to overturn his conviction on the basis that he was denied post-conviction access to DNA evidence, then the case would be on all fours with the facts here, where Durham seeks not to vindicate her right to due process, but to reverse the substantive ruling of a state court that held she was properly discharged by the state. The plaintiff in *Skinner* alleged that he was denied an independent right to explore evidence that might prove him innocent, regardless of whether that exploration might eventually impact his criminal conviction. Here, Durham has not alleged that she suffered any injury other than the deprivation of her state job in the first instance, and she has not sought any remedy other than reversal of that alleged harm.

Durham also argues that the district court acted improperly by dismissing her complaint on its own motion without warning to her. She has a point. Perhaps a better practice would have been to issue a show cause order first, directing the plaintiff to justify her assertion of subject matter jurisdiction. But the *Rooker-Feldman* doctrine concerns the subject-matter jurisdiction of the district court, *In re Squire*, 617 F.3d 461, 465 (6th Cir. 2010), and "federal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*," *Answers in Genesis of Kentucky, Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009). Moreover, the plaintiff had the opportunity to assert her arguments in her post-dismissal motions. We find no reversible error in the procedure used by the district court under these circumstances.

We conclude that the district court correctly determined that it did not have subject matter jurisdiction over the complaint Durham initially filed. Nor did the district court err by denying the motion for reconsideration.

B.

Durham also argues that the district court erred by refusing to vacate its dismissal order and allow Durham to file an amended complaint. She contends that she had a right to file an amended complaint even after the court dismissed her case because Federal Rule of Civil Procedure 15(a)(1)(B) gives a plaintiff the right to amend within 21 days after service of a responsive pleading, and the defendants never answered her complaint. She also argues that the district court should not have assumed that her amendment would have been futile and instead should have "order[ed] her to tell it how she [should] amend her complaint." Appellant's Br. at 38.

First, Durham is wrong on the time limitations in Rule 15. In her citation to Rule 15(a)(1), she omits the language of subsection 15(a)(1)(A), which limits to 21 days after service the time for amendment as a matter of course, even in the absence of the service of a responsive pleading. Moreover, Durham's argument ignores the fact that judgment was entered before she moved to amend her complaint. "When a party seeks to amend a complaint after an adverse judgment, . . . the [party] must meet the requirements for reopening a case established by [Federal] Rules [of Civil Procedure] 59 or 60." *Leisure Caviar, LLC v. U.S. Fish and Wildlife Service*, 616 F.3d 612, 616 (6th

Cir. 2010); *see also Morse v. McWhorter*, 290 F.3d 795, 799 (6th Cir. 2002) (citations omitted). She

has not satisfied those requirements here.

Second, although the district court did not elaborate on its reasons for denying the motion

to amend, it is evident that it did so because Durham suggested no way in which she could amend

her complaint in order to state a claim that would not be barred under the *Rooker-Feldman* doctrine.

Although Durham said that she could "fix" the problem, the district court was under no obligation

to take her word for it. Durham herself should have suggested some plausible fix. The district court

must have concluded, as do we, that there is no set of facts that Durham could plead that would

support a viable claim, because the relief she demands — reversal of the state chancery court's

decision affirming her discharge and an order for the defendants to restore her job — is that which

the lower federal courts cannot give her. No ruling on the constitutionality of the Tennessee APA

could accomplish that end unless it also was accompanied by an order vacating the state court

judgment, and that is exactly the outcome that *Rooker-Feldman* prohibits.

III.

For these reasons, the district court judgment is **AFFIRMED**.