NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 16a0698n.06

No. 16-1507

| | | |
|---|---|---|
| UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT | | **FILED**<br>Dec 30, 2016<br>DEBORAH S. HUNT, Clerk |

LABAN POND,                                          )
                                                     )
        Plaintiff-Appellant                          )
                                                     )
v.                                                   )        ON APPEAL FROM THE
                                                     )        UNITED STATES DISTRICT
RANDALL HAAS and DANIEL H. HEYNS,                    )        COURT FOR THE EASTERN
                                                     )        DISTRICT OF MICHIGAN
        Defendants-Appellees.                        )
                                                     )

---

BEFORE:  GIBBONS, SUTTON, and WHITE, Circuit Judges.

**JULIA SMITH GIBBONS, Circuit Judge.**  Laban Pond appeals the district court's

decision to dismiss his suit against two Michigan prison officials for alleged Eighth Amendment

violations stemming from their response to an injury he received while in custody.  Pond also

challenges the district court's refusal to grant him leave to file a post-judgment amended

complaint.  Because Pond's complaint fails to state a plausible Eighth Amendment violation, and

because the district court did not abuse its discretion in denying Pond's motion for leave to file a

post-judgment amended complaint, we affirm.

I.

A.

On November 18, 2013, while incarcerated at the Jackson County jail, Pond alleges that

he fell and injured his arm.  He claims that he was diagnosed with a broken arm that day and

then transferred to Michigan's Parnall Correctional Facility (Parnall) "within one or two days."

DE 1 ¶ 10, Page ID 4. Pond asserts that from the time he arrived at Parnall, he "constantly complained" of the pain in his arm, and received medical care only "after making numerous complaints to guards and officers[.]" *Id.* ¶ 15.

Pond alleges that a Parnall physician again diagnosed him with a broken arm during a November 20 exam. The physician allegedly told Pond that he needed immediate surgery but stated that he lacked "authority to conduct proper diagnostic tests to discover the severity of [Pond's] injuries." *Id.* ¶ 11. Pond then claims that his surgery was "deliberately not scheduled" after the November 20 examination.[1] *Id.* ¶ 12. Pond alleges that he was examined for a third time on November 27 and again told by "a medical professional" that he needed surgery. *Id.* ¶ 13. Pond states that the surgery occurred on December 16, 2013.

B.

On November 17, 2015, Pond filed a complaint in the Eastern District of Michigan claiming that the state's response to his injury violated his Eighth Amendment rights, entitling him to both damages under 42 U.S.C. § 1983 and declaratory relief. He named Randall Haas, both individually and in his official capacity as Parnall's warden, and Daniel Heyns, in his official capacity as director of the Michigan Department of Corrections, as defendants.[2]

Pond alleges that Haas was responsible for hiring, training, retaining, and supervising the Parnall employees who managed the inmate population, as well as for the policies and procedures regarding the "administration of medical care to inmates" at Parnall. *Id.* ¶¶ 7–8, Page ID 3. He claims that Haas had a policy and practice of delaying or denying an inmate's access to necessary pre-surgery diagnostic tests "by virtue of [an] unnecessary and draconian approval

---

[1] Pond does not identify who at Parnall was responsible for refusing to schedule his surgery.

[2] Because Pond does not challenge the dismissal of the claims against Heyns, we do not address them here.

process," and that this constituted a deliberate indifference to his serious medical needs in violation of the Eighth Amendment.[3] *Id.* ¶¶ 16–17, 28, Page ID 4, 6.

Next, with respect to his specific injury, Pond alleges that although Haas approved his surgery after his third exam on November 27, he "did not schedule [the surgery] until December 16, 2013." *Id.* ¶ 14, Page ID 4. He concludes that these acts and omissions by Haas constituted a deliberate indifference to an immediate and serious medical need in violation of his Eighth Amendment rights.

On January 14, 2016, Haas filed a motion to dismiss Pond's complaint under Fed. R. Civ. P. 12(b)(1), (2), and (6). Haas argued that (1) the Eleventh Amendment barred the § 1983 damages suit against him in his official capacity; (2) he was entitled to qualified immunity because Pond failed to plead sufficient facts showing that he violated a clearly established right; (3) Pond failed to plead sufficient allegations showing prison officials acted with deliberate indifference to his medical needs; and (4) Pond failed to plead sufficient allegations showing Haas was personally involved in the alleged deprivation.

Pond did not file a response within the twenty-one-day window required by the Eastern District of Michigan's local rules. *See* E.D. Mich. LR 7.1(e)(1)(B). Pond's attorney later disclosed that he failed to file a response because he "inadvertently sent" the email notice of the motion to his associate attorney but "neglected to send it to [his] assistant for calendaring as had been [his] practice." DE 20-1, Page ID 97.

On February 9, 2016, the district court issued an opinion and order granting the motion to dismiss with prejudice. Although the opinion noted Pond's failure to respond, the district court stated that it had "independently reviewed defendants' motion and cited legal authorities[.]" DE 18, Page ID 73. The court dismissed the § 1983 claim against Haas in his official capacity as

---

[3] Pond does not identify a more-specific policy or procedure implemented by Haas. (***See* Compl. ¶¶ 16–28.**)

barred by the Eleventh Amendment. It also dismissed the claims against Haas in his individual capacity for failing to state a claim because Pond had failed to allege that: (1) Haas was aware of his medical need; or (2) Haas had any "direct, personal involvement in the alleged delay of medical care in this specific case." *Id.* That same day, the district court entered judgment in Haas's favor.

On February 12, 2016, Pond filed a consolidated motion to reconsider pursuant to Fed. R. Civ. P. 59(e) and 60(b)(1), and for leave to amend his complaint pursuant to Rules 15 and 59(e). Pond challenged the dismissal of his § 1983 and declaratory relief claims against Haas in his individual capacity, arguing that: (1) he was entitled to Rule 59(e) relief because the district court improperly considered his failure to respond when deciding the motion to dismiss; (2) he was entitled to Rule 59(e) relief because the district court misconstrued the allegations in his complaint when determining whether he had sufficiently stated a claim for relief; (3) he was entitled to Rule 60(b)(1) relief because his attorney's inadvertent failure in missing the deadline to respond to the motion to dismiss was excusable neglect; and (4) he should be granted leave to amend because his proposed amended complaint did not cause any undue delay or prejudice to Haas. Haas filed a response arguing that Rule 60(b)(1) relief was inappropriate because the actions of Pond's attorney did not constitute excusable neglect, and that any amendment by Pond would be both untimely and futile.

On March 21, 2016, the district court denied Pond's consolidated motion. The court refused to consider Pond's request for Rule 59(e) and Rule 60(b)(1) relief due to his attorney's failure to respond, clarifying that it had dismissed Pond's complaint because either the claims were barred or the complaint failed to state a claim for relief, not because of his attorney's error. The district court summarized the remaining issues as:

> [W]hether plaintiff has shown that the Court erred in dismissing the complaint, thereby justifying relief under Rule 59(e); and whether, at this post-judgment stage of the case, justice requires that the Court permit plaintiff to amend his complaint pursuant to Rule 15.

DE 23, Page ID 150. The district court ruled against Pond on both points.

First, the court found no "clear error of law," as is required for Rule 59(e) relief. *Id.*, Page ID 154. The court reaffirmed its holding that Pond failed to state a claim for deliberate indifference against Haas because he failed to allege that Haas was personally involved or "knew of and disregarded" an excessive risk. *Id.*, Page ID 154–56.

Second, the district court rejected the notion that justice required granting Pond leave to amend his complaint. It noted that Pond had failed to show he was entitled to Rule 59 or Rule 60 relief as required by *Leisure Caviar, LLC v. U.S. Fish & Wildlife Service*, 616 F.3d 612, 616–17 (6th Cir. 2010), that there was clearly an undue delay, and that Pond had failed to "'provide a compelling explanation' for neither amending nor seeking leave to amend before judgment was entered." *Id.*, Page ID 157–59. Looking to *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002), and *Leisure Caviar*, 616 F.3d at 616, the district court concluded that allowing Pond to amend would "sidestep the narrow grounds for obtaining post-judgment relief." *Id.*, Page ID 159. Pond filed a timely notice of appeal.

## II.

### A.

We review *de novo* a district court's decision to dismiss a complaint under Rule 12(b)(6). *Bickerstaff v. Lucarelli*, 830 F.3d 388, 395–96 (6th Cir. 2016). In determining the sufficiency and plausibility of plaintiff's claims, we "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Handy-Clay v. City of Memphis*, 695 F.3d 531, 538 (6th Cir. 2012) (quoting *Directv,*

*Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)).  However, we need not accept as true "a legal conclusion couched as a factual allegation," *id.* at 539 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), nor must we accept "unwarranted factual inferences," *Treesh*, 487 F.3d at 476 (citation omitted).

B.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).  A complaint will survive a Rule 12(b)(6) motion if "the plaintiff alleges facts that 'state a claim to relief that is plausible on its face' and that, if accepted as true, are sufficient to 'raise a right to relief above the speculative level.'"  *Handy-Clay*, 695 F.3d at 538 (quoting *Twombly*, 550 U.S. at 555, 570).  The facts must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  This does not impose a "probability requirement" but "asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.*

The Eighth Amendment's prohibition on cruel and unusual punishment extends to actions by prison officials that constitute "deliberate indifference" towards an inmate's "serious medical needs."  *Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 895 (6th Cir. 2004) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).  Deliberate indifference requires a subjective determination that the official had "a sufficiently culpable state of mind in denying medical care."  *Id.* (quoting *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000)).  There must be more than mere negligence.  The official must have actually known of the serious medical need or

"circumstances clearly indicating" such a need. *Horn v. Madison Cty. Fiscal Court*, 22 F.3d 653, 660 (6th Cir. 1994). And by ignoring the medical need, the official must have disregarded "a substantial risk of serious harm" to the inmate. *Garretson v. City of Madison Heights*, 407 F.3d 789, 797 (6th Cir. 2005) (quoting *Watkins v. City of Battle Creek*, 273 F.3d 682, 686 (6th Cir. 2001)). We have said that a prisoner adequately states a claim for deliberate indifference "when he alleges that prison authorities have denied reasonable requests for medical treatment in the face of an obvious need for such attention . . . ." *Scott v. Ambani*, 577 F.3d 642, 648 (6th Cir. 2009) (quoting *Westlake v. Lucas*, 537 F.2d 857, 860 (6th Cir. 1976)).

C.

Pond makes only two allegations with respect to Haas's involvement in his medical care. First, he alleges that Haas had a policy of denying and delaying urgent medical care by way of a "draconian approval process[]." DE 1, ¶¶ 16–17, Page ID 4. Second, he states that Haas approved and scheduled his procedure for December 16 after Pond was examined by a medical professional on November 27. The problem is that neither of these allegations suggests that Haas was aware of the severity of Pond's injury. Pond explicitly alleges only that a physician, a medical professional, and "guards and officers" were aware of his condition. *Id.* ¶¶ 11, 13, 15.

Pond asks that we reasonably infer that Haas was aware of, and thus deliberately indifferent to, his broken arm. Although we draw all reasonable inferences in Pond's favor, the bare-bones allegations in the complaint make it unreasonable to infer that Haas knew or should have known that Pond needed surgery prior to December 16.

There is no basis to infer that Haas was directly involved or in any way aware of Pond's condition prior to November 27. Pond alleges that between his November 20 and November 27 exams, his surgery was "deliberately not scheduled," but he does not name Haas (or anyone, for

that matter) as the person making such a decision.[4]  Haas is implicated in the decision-making

process only after the November 27 exam.  Although this allows us to reasonably infer that Haas

was aware that Pond needed surgery when he allegedly approved the procedure after the

November 27 exam, it is a step too far to assume, without more specific allegations, that Haas

was aware Pond needed surgery prior to that date, or that Haas did anything more than approve

the request.  The allegation that he approved the procedure does not create an inference that he

knew the surgery was necessary prior to December 16.  Similarly, even if the alleged "draconian

approval process" did exist, it is unreasonable to infer that Haas accounted for Pond's situation in

implementing that policy.

Furthermore, Pond's case differs significantly from those in which a claim for deliberate

indifference to a medical need survived a motion to dismiss.  In each of those cases, the named

defendant was someone who was alleged to have personally interacted with the plaintiff so as to

have knowledge of their medical need.  *See Blackmore*, 390 F.3d at 894, 900 (finding a triable

issue of fact as to whether sheriff's deputies who interacted with the plaintiff were deliberately

indifferent to his medical needs); *Garretson*, 407 F.3d at 794 (considering a motion for summary

judgment by police officers involved with arresting, booking, and monitoring the plaintiff-

inmate); *Scott*, 577 F.3d at 645, 648 (allowing claims to proceed against doctors who evaluated

and treated the plaintiff for cancer while he was in custody).

Pond relies on *Scicluna v. Wells*, 345 F.3d 441 (6th Cir. 2003), and *Boretti v. Wiscomb*,

930 F.2d 1150 (6th Cir. 1991), to argue that the nineteen-day delay between his November 27

examination and December 16 procedure necessarily constitutes deliberate indifference.  In

*Scicluna*, this court considered whether two doctors and a corrections officer failed to provide

---

[4] Pond concedes that he "did not specifically name Haas as the individual denying the prior requests" in his complaint.  CA6 R. 11, at 3.

sufficient medical care to a prisoner they knew had recently undergone neurosurgery and required subsequent neurological consultations. 345 F.3d at 443–44. Although the court found a three-week delay sufficient to constitute a general factual dispute as to deliberate indifference, the *Scicluna* record established that the individual defendants knew about the prisoner's condition. *Id*. at 446–47. Similarly, although the *Boretti* court held that refusing to care for a post-surgery gunshot wound for five days was sufficient to constitute deliberate indifference, the finding was premised on the fact that the sole defendant—a nurse responsible for monitoring the inmate—had refused to treat the plaintiff despite knowledge of his condition. *Boretti*, 930 F.2d at 1151–52, 1154. Accordingly, both cases are distinguishable because there is no similar allegation or reasonable inference to be made here as to Haas's knowledge of Pond's condition or medical need.

Pond attempts to save his case by arguing that knowledge can be imputed to Haas under a *respondeat superior* theory because "other personnel were alleged to have been aware of Pond's condition." CA6 R. 11, at 19. Section 1983 liability cannot be imposed solely on this basis. *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). "At a minimum, [Pond] must show that [Haas] at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." *Id.* (citation omitted). There is nothing here to support such a showing. Because Pond has not alleged that Haas was sufficiently aware of his injury to state a plausible Eighth Amendment violation, his complaint fails to state a claim for relief.

III.

A.

We review a district court's decision to deny post-judgment leave to amend for an abuse of discretion, unless the district court "bases its decision on the legal conclusion that an amended

complaint could not withstand a motion to dismiss." *Morse*, 290 F.3d at 799. An abuse of discretion occurs when the district court "commits a clear error of judgment, such as applying the incorrect legal standard, misapplying the correct legal standard, or relying upon clearly erroneous findings of fact." *Yeschick v. Mineta*, 675 F.3d 622, 628 (6th Cir. 2012) (quoting *In re Ferro Corp. Derivative Litig.*, 511 F.3d 611, 623 (6th Cir. 2008)). In the context of granting leave to amend, we have held that a district court abuses its discretion when it "fails to state the basis for its denial or fails to consider the competing interests of the parties and likelihood of prejudice to the opponent." *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986); *see also Morse*, 290 F.3d at 799.

B.

Leave to amend should be "freely given when justice so requires." *Keweenaw Bay Indian Cmty. v. Michigan*, 11 F.3d 1341, 1348 (6th Cir. 1993) (quoting Fed. R. Civ. P. 15(a)). A district court, however, may deny leave to amend for "undue delay, bad faith or dilatory motive on the part of the movant," if allowing an amendment would place "undue prejudice [on] the opposing party," or if the amendment would be futile. *Morse*, 290 F.3d at 800 (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Although Rule 15(a) "plainly embodies a liberal amendment policy," *Morse*, 290 F.3d at 800, there is a "heavier burden" when requests to amend are made after an adverse judgment, *Leisure Caviar*, 616 F.3d at 616. "Following entry of final judgment, a party may not seek to amend their complaint without first moving to alter, set aside or vacate judgment pursuant to either Rule 59 or Rule 60." *Morse*, 290 F.3d at 799. "Instead of meeting only the modest requirements of Rule 15, the claimant must meet the requirements for reopening a case established by Rules 59 or 60." *Leisure Caviar*, 616 F.3d at 616.

1.

Although Pond's initial motion requested Rule 60(b)(1) relief—which would allow him to also seek leave to amend—because the actions of his attorney constituted "excusable neglect," the district court refused to consider the argument, clarifying that its decision to dismiss the complaint did not in any way rely on Pond's attorney's failure to file a response. Pond's briefing on appeal makes only a passing reference to his Rule 60 claim. He does not directly challenge the district court's holding. He has thus forfeited this claim. *Turner v. City of Taylor*, 412 F.3d 629, 639 (6th Cir. 2005).

Even on the merits, the district court did not abuse its discretion in denying Rule 60(b)(1) relief. We have said that such relief on the basis of "excusable neglect" is appropriate where "procedural default has prevented the court from considering the true merits of a party's claim." *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 386 (6th Cir. 2001). Pond's attorney's failure to respond in no way prevented the district court from properly considering whether his complaint sufficiently stated a claim for relief as a matter of law.

2.

Pond's only remaining avenue for relief is to show that the district court abused its discretion in denying him leave to amend his complaint under Rules 15 and 59. We have said that when a plaintiff seeks to amend his complaint through a Rule 59(e) motion to amend the judgment, "the Rule 15 and Rule 59 inquiries turn on the same factors." *Morse*, 290 F.3d at 799.

In addition to the *Foman* factors of undue delay, bad faith, dilatory motive, undue prejudice, and the futility of the proposed amendment, post-judgment requests to amend require that the district court "also take into consideration the competing interest of protecting the finality of judgments and the expeditious termination of litigation." *Morse*, 290 F.3d at 800

(internal quotation marks omitted). This latter inquiry includes asking whether the claimant has made a "compelling explanation" for failing to seek leave to amend prior to the entry of judgment. *Leisure Caviar*, 616 F.3d at 617; *Morse*, 290 F.3d at 800. It is intended to keep plaintiffs from using the district court "as a sounding board to discover holes in their arguments," and from avoiding the narrow grounds for post-judgment relief under Rules 59 and 60. *Leisure Caviar*, 616 F.3d at 616.

The district court determined that Pond had failed to "'provide a compelling explanation' for neither amending nor seeking leave to amend before judgment was entered." DE 23, Page ID 157. It interpreted Pond's motion as arguing only that leave should be granted so he could "clarify any perceived deficiency" in his complaint. The court recognized that this was not an explanation for the delay, much less a compelling one, and in any case, such "sounding board" arguments had been rejected in *Leisure Caviar*, 616 F.3d at 617; *Kuyat v. BioMimetic Therapeutics, Inc.*, 747 F.3d 435, 445 (6th Cir. 2014); and *Ricker v. Zoo Entertainment, Inc.*, 534 F. App'x 495, 501 (6th Cir. 2013). Although the court stated that there was undue delay, it ultimately held that the lack of an explanation, along with policy interests in the finality of judgments and expeditious termination of litigation, was a sufficient basis upon which to deny Pond's motion.

On appeal, Pond argues that he offered two "compelling explanations" for not filing an amended complaint prior to judgment: (1) he "did not believe" that his complaint required amending; and (2) his counsel's calendar error prevented him from filing an amended complaint.

Pond's first explanation is foreclosed by our prior decisions. He cannot rely on the district court's opinion to identify deficiencies in his complaint, and it is not an abuse of discretion for a court to refuse leave to amend on this basis. *See Kuyat*, 747 F.3d at 444–45

(finding no abuse of discretion when a district court refused to allow a post-judgment amendment based on the plaintiffs' argument that "they had no way of knowing that [a letter] would factor heavily in the district court's decision"); *Leisure Caviar*, 616 F.3d at 616–17 (refusing to find an abuse of discretion when a district court denied the plaintiff's request to "reopen the case by amending their complaint to take account of the court's decision"); *see also Ricker*, 534 F. App'x at 501 (refusing to find an abuse of discretion for denying a post-judgment motion to amend when the plaintiff claimed he was "unaware" of the defects in the complaint and deserved an opportunity to correct them).[5]  Pond's attempt to distinguish his case on the basis that he and the district court "disagreed in good faith" about the sufficiency of the complaint is unavailing.  Undoubtedly, many plaintiffs would enjoy an opportunity to amend their complaint after judgment because of a purported good-faith disagreement with the court, but this is still an attempt to use the district court as a vehicle to identify pleading deficiencies.

As to the second explanation, Pond argues that the district court "ignored its own record" by failing to consider whether his counsel's calendar error was a sufficiently compelling reason for not seeking pre-judgment leave to amend.  CA6 R. 11, at 29.  This is not the case.  In his affidavit, Pond's counsel stated that the "due date for [Pond's] response or to amend the complaint was inadvertently never placed on [counsel's] calendar, which led to [his] failure to respond."  DE 20-1, Page ID 97.  This was repeated in the statement of facts supporting Pond's motion for leave to amend.  Pond, however, never proffered the calendaring problem as a reason for why he should be granted leave to amend his complaint under Rules 15 and 59.  In justifying

---

[5] Pond argues that *Kuyat* and *Ricker* are inapplicable because both were securities cases that invoked standards under the Private Securities Litigation Reform Act of 1995 (PSLRA), 15 U.S.C. § 78u-4 *et seq*.  Although he is correct that these cases did invoke the PSLRA, there are still two problems with this argument.  First, we have reiterated the "sounding board" argument outside the securities-litigation context.  *See Leisure Caviar*, 616 F.3d at 616–17.  Second, the *Kuyat* court found that using the court as a sounding board was prohibited under "Rule 15's permissive amendment policy," and invoked the PSLRA only to support its holding.  *Kuyat*, 747 F.3d at 445.

his request to file an amended complaint, he argued only that there would be neither undue delay nor prejudice to Haas because he filed his motion within four days of the deadline for a timely request, and that he deserved leave to amend "to clarify any perceived deficiency of his allegations against Haas." *Id.*, Page ID 92. Pond did discuss the calendaring error with respect to his claim for Rule 60(b) relief, as well as his claim that the court held his failure to respond against him in evaluating the motion to dismiss, but he never introduced it as a "compelling explanation" to support his request for leave to amend. As we have recognized, "the failure to present an issue to the district court forfeits the right to have the argument addressed on appeal." *Armstrong v. City of Melvindale*, 432 F.3d 695, 699–700 (6th Cir. 2006). And an issue is forfeited if it is "merely mentioned and not developed." *United States v. Clark*, 469 F.3d 568, 569–70 (6th Cir. 2006). Because Pond did not raise the calendaring argument before the district court, we need not consider it here.

Because the district court properly considered the issues before it in a manner consistent with our precedent, there is no basis for us to find that the district court abused its discretion in refusing Pond's motion for post-judgment leave to amend.

IV.

The district court did not improperly sanction Pond for failing to respond to Haas's motion to dismiss. The court was clear that it was making a legal determination about the sufficiency of the complaint. Furthermore, Pond has not cited any of our past decisions that would support his claim that the district court erred by entering judgment at the same time it granted the motion to dismiss, and Pond concedes that we do not have a policy against a district court entering judgment after its first order of dismissal. Finally, because we are reviewing the

sufficiency of Pond's complaint *de novo*, any alleged impropriety in the basis for the district

court's decision or its characterization of the complaint is irrelevant.

V.

For the foregoing reasons, we affirm.