**UNITED STATES of America, Plaintiff,**

v.

**ATLAS LEDERER COMPANY,
et al., Defendants.**

No. C–3–91–309.

United States District Court,
S.D. Ohio,
Western Division.

March 7, 2003.

Patrick Dennis Quinn, United States Attorney's Office, Dayton, OH, Matthew A. Fogelson, Deborah M. Reyher, Joseph W.C. Warren, David F. Musel, Gregory L. Lattimer, David A. Carson, Cecilia E. Kim, Gregory L. Sukys, U.S. Department of Justice, Washington, DC, Sherry L Estes, Assistant Regional Counsel, Chicago, IL, and Jacqueline Schuster Hobbs, Cincinnati, OH, for Plaintiff.

Ben Lefever Pfefferle, III, Louis L. McMahon, Columbus, OH, Heather A. Austin, Thompson, Hine & Flory, Michael A. Cyphert, Walter Haverfield, Cleveland, OH, Louis E. Tosi, Douglas G. Haynam, Shumaker Loop & Kendrick, Toledo, OH, Matthew Yackshaw, Day, Ketterer, Raley, Wright & Rybolt, Canton, OH, Richard Paul Fahey, John Patrick Gartland, Vorys, Sater, Seymour & Pease, David Edsall Northrop, Porter, Wright, Morris & Arthur, Columbus, OH, James Foley Brockman, Lindhorst & Dreidame, Mark Alan MacDonald, Freund Freeze & Arnold, Laura Alicia Ringenbach, Taft, Stettinius & Hollister, William Roger Fry, Rendigs, Fry, Kiely & Dennis LLP, Jonathan P. Saxton, Rendigs, Fry, Kiely & Dennis, Cincinnati, OH, Charles H. Pangburn, III, Hemmer Spoor Pangburn DeFrank & Kasson, PLLC, Ft Mitchell, KY, Philip R. Boxell, Pepper, Hamilton & Scheetz, and Jacqueline F. Allen, Philadelphia, PA, for Defendants.

Decision and Entry Sustaining in Part and Overruling, as Moot, In Part Plaintiff's Motion for Leave to Join Individual Defendants and to Amend the Complaint as Against Senser Metal, Inc. (Doc. # 537).

RICE, Chief Judge.

This litigation arises out of the Comprehensive Environmental Response, Compensa-

tion and Liability Act ("CERCLA"), 42 U.S.C. § 9601, *et seq.* Plaintiff United States of America and the United Scrap Lead Respondent Group ("Respondent Group") now seek to recover from other potentially responsible parties ("PRPs"), pursuant to § 107 and § 113(f) of CERCLA, 42 U.S.C. § 9607 and § 9613(f), the costs they incurred to remediate environmental contamination at the United Scrap Lead Company Superfund Site ("USL Site" or "Site") in Troy, Ohio. At that Site, used car, truck and industrial batteries, collected from numerous businesses and individuals, were broken open to remove the lead cores and lugs. That activity caused the USL Site to become contaminated with hazardous substances, including lead. As a result of that contamination, the Site has been included on the National Priorities List. *See* 40 C.F.R. Pt. 300, App. B.

This litigation is now before the Court on the Plaintiff's Motion for Leave to Join Individual Defendants and to Amend the Complaint as Against Senser Metal, Inc. (Doc. # 537). With that motion, the United States requests that the Court grant it leave to amend its Complaint to join as Defendants Larry Katz ("Katz"), general partner of Defendant Caldwell Iron & Metal; Alan Levine ("Levine"), sole proprietor of Ace Iron and Metal and of Defendant Norman's Auto Wrecking;[1] and Saul Senser, president, director and sole shareholder of Defendant Senser Metal Company, Inc. ("Senser Metal"). The United States contends that Katz and Levine are liable by virtue of their positions of general partner and sole proprietor. The Plaintiff seeks to impose liability upon Saul Senser, alleging that he is personally liable under § 107 of CERCLA, 42 U.S.C. § 9607, because he exercised complete control over Senser Metal. Alternatively, the United States seeks to impose liability on Saul Senser through a piercing the corporate veil theory. The Government would also assert claims under the Federal Debt Collection Procedures Act, 28 U.S.C. § 3301, *et* *seq.,* and the Federal Priority Act, 31 U.S.C. § 1317(a), against Senser Metal and Saul Senser. Senser Metal has opposed the Plaintiff's motion (*see* Doc. # 542), as have Katz and Levine. *See* Doc. # 543. As a means of analysis, the Court will initially set forth the standards which are applicable to all motions for leave to amend, filed pursuant to Rule 15(a) of the Federal Rules of Civil Procedure. Thereafter, the Court will turn to the parties' arguments in support of and in opposition to the Plaintiff's motion requesting leave to amend, discussing the opposition of Senser Metal before turning to that submitted by Katz and Levine.

■ It is axiomatic that leave to amend is to be "freely given when justice so requires." Fed.R.Civ.P. 15(a). In *Foman v. Davis,* 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962), the Supreme Court indicated that a District Court should deny leave to amend, only in instances when the proposed amendment would be futile, the moving party has acted in bad faith, the opposing party would be subjected to unfair prejudice or the moving party has unduly delayed. *See also, Brooks v. Celeste,* 39 F.3d 125, 130 (6th Cir.1994).[2] In *Security Ins. Co. of Hartford v. Kevin Tucker & Associates, Inc.,* 64 F.3d 1001 (6th Cir.1995), the Sixth Circuit explained that delay alone does not justify denial of a motion for leave to amend:

> Delay alone, however, does not justify the denial of leave to amend. Rather, the party opposing a motion to amend must make some significant showing of prejudice to prevail. "Delay that is neither intended to harass nor causes any ascertainable prejudice is not a permissible reason, in and of itself to disallow an amendment of a pleading [.]" *Moore v. City of Paducah,* 790 F.2d 557, 561 (6th Cir.1986) (quoting *Tefft v. Seward,* 689 F.2d 637, 639 n. 2 (6th Cir.1982)).

---

1. Both Ace Iron & Metal and Norman's Auto Wrecking are predecessors to Defendant Ace Iron & Metal, Inc., which was incorporated in 1980.

2. In *Foman,* the Supreme Court also held that a District Court can deny a request for leave to amend when the moving party has repeatedly failed to cure the deficiencies by previous amendments. Herein, since no party contends that the Government has repeatedly failed to cure deficiencies with previous amendments, the Court does not address that question.

*Id.* at 1009. *See also, Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir.2002) (noting that "[o]rdinarily, delay alone, does not justify denial of leave to amend"). Whether to grant leave to amend is committed to the discretion of the District Court. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330, 91 S.Ct. 795, 28 L.Ed.2d 77 (1971).

Senser Metal argues that the Court should deny the Plaintiff's request for leave to amend, because the proposed amendment would be futile, the United States has unduly delayed and permitting the Plaintiff to amend would cause Senser Metal and Saul Senser to suffer unfair prejudice. The Court finds it unnecessary to address those arguments at this time. After it had filed its Motion for Leave to Join Individual Defendants and to Amend the Complaint as Against Senser Metal, Inc. (Doc. # 537), the Government filed a motion seeking leave to file an amended complaint. *See* Doc. # 566. With that amended pleading, the Government would set forth the same claims against Senser Metal and Saul Senser, as it requests to assert with its Motion for Leave to Join Individual Defendants and to Amend the Complaint as Against Senser Metal, Inc. (Doc. # 537). Senser Metal has opposed that motion, raising the same arguments as it has set forth to oppose the Plaintiff's Motion for Leave to Join Individual Defendants and to Amend the Complaint as Against Senser Metal, Inc. (Doc. # 537). *See* Doc. # 571. Accordingly, the Court concludes that the Government's Motion for Leave to Join Individual Defendants and to Amend the Complaint as Against Senser Metal, Inc. (Doc. # 537), as it relates to Senser Metal and Saul Senser, has been subsumed by its Motion for Leave to File a Second Amended Complaint (Doc. # 566), and Senser Metal's opposition to that motion.

Based upon the foregoing, the Court overrules, as moot, the Plaintiff's Motion for Leave to Join Individual Defendants and to Amend the Complaint as Against Senser Metal, Inc. (Doc. # 537), as that motion relates to Plaintiff's request to join Saul Senser as a Defendant and to amend its claims against Senser Metal. The Court notes that the United States and Senser Metal have devoted a significant amount of time to arguing over the question of whether the Government delayed unduly, before seeking leave to join Saul Senser as a Defendant and to assert additional claims against Senser Metal. The statements in memoranda by counsel for both parties, concerning the issue of undue delay, lack evidentiary support. This Court is unwilling to resolve factual questions raised by a motion for leave to amend on the basis of statements of counsel in memoranda, unsupported by evidence. Accordingly, the Court will afford Senser Metal 14 days in which to supplement its memorandum in opposition to Plaintiff's recently filed request to amend (Doc. # 571), with evidentiary materials, such as affidavits, deposition transcripts, authenticated exhibits and citations to other record documents. The Government, in its reply memorandum, which is due to be filed within 14 days of receipt of Senser Metal's submission, must also supply evidentiary support for the statements of counsel. The Court will then render a decision on this issue.

As is indicated, the Government proposes adding Katz and Levine as Defendants, in order to impose personal liability upon them as a result of their respective status as general partner of Defendant Caldwell Iron & Metal and sole proprietor of Ace Iron and Metal and of Defendant Norman's Auto Wrecking. Katz and Levine argue that the Court should deny the Plaintiff's request for leave to amend to join them as Defendants, because they will suffer unfair prejudice if leave to amend is granted, since the Government unduly delayed seeking that relief and because the Plaintiff has acted in bad faith. For reasons which follow, this Court does not agree.[3]

---

**3.** Unlike Senser Metal, Katz and Levine have not opposed the Plaintiff's Motion for Leave to File a Second Amended Complaint (Doc. # 566). Katz, Levine and their companies are no longer represented by counsel in this litigation, since the Court has sustained the motion to withdraw filed by their attorneys. *See* Notation Orders Appearing on Docs. # 574 and # 575. Therefore, the Court does not anticipate receiving a memorandum from Katz and Levine, opposing Plaintiff's Motion for Leave to File a Second Amended Complaint (Doc. # 566). Consequently, to ad-

Katz and Levine contend that they will be unfairly prejudiced if the United States is permitted to join them as Defendants at this late date, given that discovery for Phase I of this litigation has been completed.[4] The Court's Second Amended Case Management Order (Doc. # 178), filed on September 15, 1998, established a cut-off date for discovery which has long since passed. However, that Order also established September 14, 1999, as the trial date for Phase I of this litigation. That trial has not occurred, and it is apparent that the dates established in that Order will have to be revised. When that revision occurs, Katz and Levine can request the opportunity to conduct any discovery they deem necessary.[5] Similarly, the Court will afford them the opportunity to file dispositive motions, so that they will not be prejudiced by the fact that the date for filing such motions, set forth in the Second Amended Case Management Order (Doc. # 178), has passed. Additionally, Katz and Levine argue that they will suffer unfair prejudice, because the United States will attempt to impose liability upon them merely because they are alleged to be, respectively, general partner and sole proprietor of Caldwell Iron & Metal and Norman's Auto Wrecking, and summary judgment has already been entered against those entities on the Plaintiff's claim. Simply stated, for the Plaintiff to recover from Katz and/or Levine, the Government will be required to establish that each is liable through a properly supported motion for summary judgment or a trial. The fact that the Court has entered summary judgment in favor of the Government on its claims against Caldwell Iron & Metal and Norman's Auto Wrecking will not, without more, entitle the Government to the entry of summary judgment against Katz and/or Levine. In sum, the Court concludes that permitting the Government to file an amended complaint, naming Katz and Levine as Defendants, will not cause them to suffer unfair prejudice.

Katz and Levine also argue that the Government unduly delayed seeking leave to amend. They point out that this litigation was initiated in 1991 and that, therefore, approximately eleven years elapsed before the Government sought to join them as Defendants. While the Court cannot fault their math, the passage of approximately eleven years, between the initiation of this lawsuit and the filing of the Government's motion seeking to join Katz and Levine as Defendants, does not cause the Court to conclude that the Plaintiff unduly delayed in seeking leave to amend. The Court entered a number of orders which stayed this litigation during the first seven years it was pending, while a ROD for the USL Site was selected and the parties attempted to negotiate a settlement. Moreover, even after the final stay expired, the parties have devoted significant energies to settling this litigation. Since this litigation was stayed during the majority of those eleven years and the parties have focused upon settlement during the remainder of that time, this Court cannot conclude that the passage of that amount of time constituted undue delay.

Alternatively, Katz and Levine argue that the passage of time between the date upon which the Court permitted the joinder of Caldwell Iron & Metal, Norman's Auto Wrecking and Ace Iron and Metal, Inc., as Defendants, and that upon which the Government sought leave to join them as Defendants, constituted undue delay. On August

---

dress the opposition of Katz and Levine to being joined as Defendants, the Court rules on Plaintiff's Motion for Leave to Join Individual Defendants and to Amend the Complaint as Against Senser Metal, Inc. (Doc. # 537), as it relates to them, rather than considering that motion to be subsumed by its Motion for Leave to File a Second Amended Complaint (Doc. # 566).

4. The Court has divided this litigation into phases. *See* Amended Case Management Order (Doc. # 127); Second Amended Case Management Order (Doc. # 178). During the first phase, the question of the other PRPs' liability to the United States and the Respondent Group will be determined. The second phase will focus upon the amount each PRP's liability to the Plaintiff and the Respondent Group.

5. It bears emphasis that Katz was the general partner of Defendant Caldwell Iron & Metal, while Levine was the sole proprietor of Defendant Norman's Auto Wrecking. There is no indication that Katz and Levine will not be able to take advantage of the discovery previously conducted by those entities.

12, 1998, the Court approved the request of the Respondent Group to join Caldwell Iron & Metal, Norman's Auto Wrecking and Ace Iron and Metal, Inc., as Defendants. *See* Doc. # 144. The Plaintiff consented to the joinder of those Defendants on November 27, 1997. *See* Doc. # 266. The Plaintiff filed its motion seeking leave to amend to join Katz and Levine as Defendants on July 30, 2002. *See* Doc. # 537. Thus, more than four and one-half years passed, between the Government's approval of the joinder of Caldwell Iron & Metal, Norman's Auto Wrecking and Ace Iron and Metal, Inc., and its request to join Katz and Levine. That interval of four and one-half years does not, under the facts and circumstances of this litigation, constitute undue delay. As is indicated, the parties have devoted their energies to attempting to settle this litigation. In addition, since September, 1998, four new attorneys have been assigned to represent the United States herein. Moreover, as is indicated above, neither Katz nor Levine will suffer unfair prejudice, if the Court permits the Government to amend to join them as Defendants. Thus, Katz and Levine are arguing that the delay of four and one-half years, alone, is a sufficient reason to deny the Government's request for leave to amend to join them as Defendants. However, delay, alone, is not such a reason. *Kevin Tucker & Associates, supra.*

Accordingly, the Court concludes that the Government has not unduly delayed in seeking leave to amend to join Katz and Levine as Defendants.[6]

Katz and Levine also argue that the Government is acting in bad faith by attempting to file an amended complaint, joining them as Defendants. They contend that Caldwell Iron & Metal and Ace Iron & Metal, Inc., were involved in settlement discussions with the Government, seeking to settle on the basis of their inability to pay. According to Katz and Levine, when the parties were unable to reach such settlements, the Government decided to request leave to amend, in order to "pressure them or their companies to succumb to [its] outrageous settlement demands." Doc. # 543 at 10. Putting aside for a moment the fact that Katz and Levine have failed to submit evidence to support that assertion, the Court does not consider it to be an act of bad faith to seek leave to join a potentially responsible party in a cost recovery/contribution action under CERCLA, who may have the financial wherewithal to contribute to the costs incurred to remediate the hazardous waste site. The alternative to permitting such joinder is to require the public and those PRPs which have agreed to be responsible for the cost of remediation to bear a greater share of the costs. Therefore, the Court rejects the assertion that the Government is acting in bad faith by attempting to join Katz and Levine as Defendants.

In sum, the Court rejects the assertions of Katz and Levine that granting leave to amend will cause them to suffer unfair prejudice, that the Government has unduly delayed in seeking leave to amend and that the Government is acting in bad faith. Accordingly, the Court sustains Plaintiff's Motion for Leave to Join Individual Defendants and to Amend the Complaint as against Senser Metal, Inc. (Doc. # 537), as it relates to Katz and Levine.

Based upon the foregoing, the Court sustains in part and overrules, as moot, in part Plaintiff's Motion for Leave to Join Individu-

---

**6.** In so concluding, the Court rejects the Government's argument that "any assessment of whether delay in 'undue' under F.R.C.P. 15(a) must give due deference to the United States' unbridled right to bring a cost recovery action at any time within the limitations period without regard to a laches defense." Doc. # 550 at 12–13. The Government points out that laches is not a defense to a cost recovery action under CERCLA. However, that point is irrelevant. Katz and Levine have argued that the Court should deny the Government's request for leave to amend to join them as Defendants, because of its undue delay. To resolve that argument, this Court must apply settled principles applicable to all motions for leave to amend. Since *Foman,* undue delay has been a recognized reason for denying leave to amend. The Government has not cited any decision which held that Rule 15(a) and the cases interpreting it are inapplicable when it is the Government which seeks leave to amend. Indeed, if this Court denied the Government's motion, it would not conclude that its claims against Katz and Levine were barred by laches. Laches would not prevent the Government from initiating a separate lawsuit seeking to recover from them.

al Defendants and to Amend the Complaint as against Senser Metal, Inc. (Doc. # 537). As indicated, Plaintiff has filed a Motion for Leave to File a Second Amended Complaint (Doc. # 566), which is currently being briefed. At the conclusion of the briefing on that motion, the Court will rule upon it. At that point, the Government will be required to file an amended complaint, which must include its claims against Katz and Levine. The Court will not require the filing of such a pleading at this point, however, since it could be superseded by a further amended complaint in short order.